# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUSAN GAIL PRINCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-933-CG |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On September 11, 2017, the Court entered a Judgment reversing the decision of the Commissioner of the Social Security Administration ("SSA") and remanding this case for further administrative proceedings. *See* J. (Doc. No. 26); *see also Prince v. Berryhill*, No. CIV-15-933-CG, 2017 WL 3977926 (W.D. Okla. Sept. 11, 2017). Plaintiff Susan Gail Prince now moves for an award of attorney's fees in the amount of $6477.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Pl.'s Mot. Att'y Fees (Doc. No. 27); Pl.'s Suppl. (Doc. No. 30). Defendant has objected to the Motion (Def.'s Obj. (Doc. No. 28)), and Plaintiff has replied (Pl.'s Reply (Doc. No. 29)).

I.   *Attorney Fee Awards Under the EAJA*

Section 2412(d) of the EAJA provides that a prevailing party other than the United States shall be awarded reasonable fees in a civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A), (d)(2)(A). The "position of the United

States" includes not only the position taken by the government in the present civil action but also "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D). "[T]he required 'not substantially justified' allegation imposes no proof burden on the fee applicant"; "the Government is aware, from the moment a fee application is filed, that to defeat the application on the merits, it will have to prove its position 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 403 (2004); *accord Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007). To make this showing, the government must prove that its case "had a reasonable basis in law and in fact." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). The term "substantially justified" has been defined as "'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see also* 28 U.S.C. § 2412(d)(1)(B) (prescribing that whether the government's position was substantially justified is determined on the basis of the record before the court, including the record of the agency's action or failure to act upon which the civil action was based).

II.     *Whether Plaintiff Is the Prevailing Party*

As noted above, the Court previously reversed the Commissioner's decision denying Plaintiff's applications for disability insurance benefits and supplemental security income under the Social Security Act, 42 U.S.C. §§ 401-434, 1381-1383f. Having obtained reversal and remand under sentence four of 42 U.S.C. § 405(g), Plaintiff is considered the "prevailing party" for purposes of the EAJA. *See* J. at 1; 28 U.S.C. § 2412(d)(2)(B); *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

### III. *Whether the Government Has Shown Its Position Was Substantially Justified*

In the administrative proceedings below, the ALJ committed multiple errors. First, the ALJ failed to address Plaintiff's documented vision problems but found that Plaintiff was able to perform past relevant work that requires reading and frequent near visual acuity and, alternatively, two jobs that require frequent near visual acuity. *See Prince*, 2017 WL 3977926, at *2-3. Next, the ALJ's decision failed to reflect that he properly considered all of the evidence in the record regarding Plaintiff's back and leg pain and did not properly resolve the evidentiary inconsistency between certain records. *See id.* at *3-5. Relatedly, the ALJ failed to adequately explain his assessment that Plaintiff was able to stand and/or walk six hours out of an eight-hour workday in light of contradictory medical records and postdecision evidence that was accepted into record by the SSA Appeals Council. *See id.* at *5-6.

Reversal therefore was required based upon a lack of substantial evidence to uphold the ALJ's residual functional capacity determination. *See id.* at *6-7. The Court declined to address other propositions of error raised by Plaintiff. *See id.* at *6 n.9, *7 (quoting *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

Defendant objects to any award of fees, arguing that the government's position was substantially justified with respect to both denying Plaintiff's applications for benefits and defending that denial in this Court. *See* Def.'s Obj. at 2-7; *see also Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."). While thorough, the ALJ's assessment of the evidence

reflected legal errors and resulted in a residual functional capacity assessment that lacked substantial evidence and did not comport with Tenth Circuit authority in multiple respects. *See Prince*, 2017 WL 2017 WL 3977926, at *2-6. Defendant now repeats the arguments previously made in support of affirmance but does not show "a reasonable basis in law and in fact" for the ALJ's denial of benefits. *Hadden*, 851 F.2d at 1267; *see* Def.'s Obj. at 2-7; *Gutierrez*, 953 F.2d at 584-86 (finding that district court abused its discretion in denying fees to plaintiff where the ALJ's findings were unreasonable based on the record before the ALJ).

Defendant implies that fees should not be awarded because Defendant raised reasonable arguments in this Court as to why the ALJ's errors were harmless. *See* Def.'s Obj. at 7. "EAJA fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Hackett*, 475 F.3d at 1174 (internal quotation marks omitted). The Tenth Circuit has recognized an exception to this rule, however, "when the Commissioner reasonably (even if unsuccessfully) argues in litigation that the ALJ's errors were harmless." *Groberg v. Astrue*, 505 F. App'x 763, 765 (10th Cir. 2012). Defendant, however, conceded no error in the ALJ's decision and did not argue that any relevant errors in the ALJ's assessment should be overlooked as harmless. *See* Def.'s Br. (Doc. No. 24) at 5-15. Rather, Defendant contended consistently that the ALJ's consideration of the evidence was proper and all relevant findings in the decision were entirely supported by substantial evidence. *See id.* at 5-7, 9-15. Defendant thus has not shown that her litigation position "cured unreasonable

4

agency action." *Groberg*, 505 F. App'x at 768 (alteration and internal quotation marks omitted).

Defendant has not shown that this case is "exceptional" or that the United States' position before the SSA and this Court was substantially justified. *Id.* at 765, 768; *see* 28 U.S.C. § 2412(d)(1)(A), (B), (d)(2)(D).

IV.     *Whether Plaintiff's Fee Request Is Reasonable*

The Court is aware of no special circumstances that would make an award of attorney's fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Thus, the only remaining issue is the reasonableness of Plaintiff's fee request. *See id.* § 2412(d)(1)(A), (B), (d)(2)(A).

Plaintiff seeks an attorney's fee award of $6477.00, calculated as follows:

- 3.5 attorney hours for work performed in 2015, at a rate of $190.00 per hour; 24.0 attorney hours for work performed in 2016, at a rate of $193.00 per hour; and 3.0 attorney hours for work performed in 2017, at a rate of $196.00 per hour; and

- 3.4 paralegal hours for work performed in 2015, at a rate of $100.00 per hour; 0.5 paralegal hours for work performed in 2016, at a rate of $120.00 per hour; and 1.6 paralegal hours for work performed in 2017, at a rate of $120.00 per hour.

*See* Pl.'s Suppl. Ex. 1 (Doc. No. 30-1) at 1-6. Plaintiff's attorney has provided a detailed statement of the time expended on this case, and the Court finds that this uncontroverted statement reflects a reasonable amount of time spent on this matter. *See id.*

An attorney's fee award under the EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(A). Plaintiff has requested an upward adjustment of this statutory rate, and Defendant does not challenge the hourly fee requested by Plaintiff. The Court takes judicial notice of the fact that SSA's Office of General Counsel ("OGC") in Denver

5

has agreed as a matter of policy that $190.00 is a reasonable hourly rate for attorney work performed in 2015, $193.00 is a reasonable hourly rate for work performed in 2016, and $196.00 is a reasonable hourly rate for work performed in 2017 on Social Security cases in the Western District of Oklahoma. *See* Pl.'s Suppl. Ex. 2 (Doc. No. 30-2), Mem. from Denver OGC Office to Pls.' Att'ys Handling Soc. Security Litig. in Okla. & N.M. (Aug. 3, 2017). Plaintiff therefore is entitled to an upward adjustment of the statutory rate consistent with the evidence provided and judicially noticed.

Plaintiff also may recover "paralegal fees from the Government at prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590, (2008). Plaintiff requests an hourly rate of $100.00 for paralegal work performed in 2015 and an hourly rate of $120.00 for paralegal work performed in 2016 and 2017. *See* Pl.'s Suppl. Ex. 1, at 1-2, 3, 5. Defendant does not object to these proposed hourly rates, and the Court finds that they are consistent with the prevailing market rates in the Western District of Oklahoma for these time periods. *See Vincent v. Berryhill*, 247 F. Supp. 3d 1228, 1233 (W.D. Okla. 2017).

In addition, an award of the fees requested in Plaintiff's Supplement (to which Defendant filed no objection) is appropriate under *Commissioner, Immigration & Naturalization Service v. Jean*, 496 U.S. 154 (1990). *See Vincent*, 247 F. Supp. 3d at 1229-30; *Hull v. Berryhill*, No. 2017 WL 2023765, at *2-3 (W.D. Okla. May 23, 2017).

## CONCLUSION

Having considered the parties' arguments as well as the relevant record, the Court concludes that: (1) Plaintiff is a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that make an award of fees

unjust in this case; and (4) the amount of the fee requested is reasonable. The Court therefore GRANTS Plaintiff's Motion (Doc. No. 27) and awards attorney's fees under the EAJA in the amount of $6477.00, with said amount to be paid directly to Plaintiff and sent in care of Gayle L. Troutman, 1350 S. Boulder Avenue, Suite 410, Tulsa, Oklahoma, 74119. If attorney's fees are also awarded under 42 U.S.C. § 406(b), Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

    IT IS SO ORDERED this 9th day of March, 2018.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE