# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUSAN GAIL PRINCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-933-G |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Plaintiff Susan Gail Prince's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. No. 35), filed through Plaintiff's counsel Gayle L. Troutman. Defendant not responded to the Motion within the time allowed. *See* LCvR 54.2.

On September 11, 2017, the Court entered a Judgment reversing the Commissioner's decision denying Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") and remanding the case for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g). *See* J. (Doc. No. 26) at 1. On November 24, 2019, the Social Security Administration issued a favorable decision on Plaintiff's applications and found Plaintiff disabled as of September 10, 2010. *See* Pl.'s Mot. (Doc. No. 32) at 2; Pl.'s Mot. Att'y Fees Ex. 2 (Doc. No. 35-2) at 1-2. The Commissioner has notified Plaintiff that up to $18,616.50 of withheld benefits can be applied toward her attorney's fees for work done in this action. *See* Pl.'s Mot. Att'y Fees at 2; *see also id.* Ex. 1 (Doc. No. 35-1) at 1 (contingent-fee contract between Plaintiff and

her counsel prescribing that if Plaintiff is awarded benefits after a remand from federal court, counsel will request the court to approve a fee of "not to exceed 25 percent of the past-due benefits"). In addition, the Court has previously awarded $6477.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412 et seq. *See* Order of Mar. 9, 2018 (Doc. No. 31).

Subsection 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Any such payment must be made "out of, and not in addition to," the past-due benefits owed to the claimant. *Id.* This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered." *Id.*

Having carefully reviewed the parties' submissions, the Court finds that an award of $18,616.50, which is 25% of the past-due benefits awarded, is a reasonable fee award for the work performed in this case in view of the contingent nature of the representation, the applicable attorney-fee agreement, and the results achieved. While before the Court, attorneys from Ms. Troutman's firm filed a detailed opening brief, presenting a well-

supported argument that the administrative law judge erred in denying Plaintiff's DIB and SSI claims. *See* Doc. No. 20. The Commissioner filed a brief in opposition, which Plaintiff's attorney was required to review. *See* Doc. No. 24; Pl.'s Mot. Att'y Fees Ex. 4 (Doc. No. 35-4) at 5. Plaintiffs' attorneys represent that they spent 30.5 hours litigating Plaintiff's disability case in federal court, which would result in an effective hourly rate of $522 with respect to the relevant portion of the requested § 406(b) fee. *See* Pl.'s Mot. Att'y Fees at 10-11; *id.* Ex. 4, at 6; *see Gisbrecht*, 535 U.S. at 793, 808 (rejecting the "lodestar" method of calculating fee awards under § 406(b) but noting that the district court may consider the hours spent and other factors in contingency-fee cases to help assess "the reasonableness of the fee yielded by the fee agreement"); *cf. Harlan v. Colvin*, No. CIV-13-477-D, 2015 WL 9295809, at *1 (W.D. Okla. Dec. 18, 2015) (awarding $17,429.22 where the putative rate was between $517.95 and $632.64 per hour). Plaintiff and Steve A. Troutman agreed that the latter may collect attorney's fees for representation before the Court in the amount of the currently pending request. *See* Pl.'s Mot. Att'y Fees Ex. 1, at 1.

Accordingly, Plaintiff's unopposed Motion for Attorney Fees (Doc. No. 35) is GRANTED. Plaintiff's attorney Mr. Steve Troutman is awarded attorney's fees in the amount of $18,616.50, to be paid out of the past-due benefits Plaintiff received by reason of the remand and favorable decision in this case. *See* 42 U.S.C. 406(b)(1)(A). The Social Security Administration shall pay this amount directly to: Steve A. Troutman of Troutman & Troutman, P.C., 1350 South Boulder Avenue, Suite 410, Tulsa, Oklahoma, 74119. Upon payment, Mr. Troutman shall promptly refund to Plaintiff the $6477.00 previously awarded

3

under 28 U.S.C. § 2412.  *See* Order of Mar. 9, 2018, at 1-2; *McGraw*, 450 F.3d at 497 & n.2.[1]

IT IS SO ORDERED this 19th day of February, 2020.

_____
CHARLES B. GOODWIN
United States District Judge

---

[1] Plaintiff's counsel represents that the Commissioner likely will release $6000 of the withheld funds to Plaintiff's agency representative and that Plaintiff will then apply her previous fee award toward the present award, as expressly authorized by the representation agreement.  *See* Pl.'s Mot. Att'y Fees Ex. 1, at 1 ("Claimant expressly authorizes Attorney to apply the EAJA payment described herein toward any unpaid balance of the fee awarded by the Court.").  The Commissioner has raised no objection to such an agreement in a previous case before this Court.  *See Sumner v. Saul*, No. CIV-17-725-G, 2019 WL 4567577, at *2 n.1 (W.D. Okla. Sept. 19, 2019).